Wardlaw, J.
I concur in the opinion of Chancellor Dun-kin, on the point of presumption, and will add some observations to what he has said about the calculation of interest.
In the case of O’Neall vs. Sims, (1 Strob. 215) the opinion had the unanimous support of the five Judges that heard the case. In the case of O’Neall vs. Bookman, 9 Rich. 80, only four Judges sat, and the decision was made by three, who had, between the two cases, taken the places of three of the five that sat in the first case.
The Act of 1777, P. L. 286, forbids (the taking of greater interest than $7, for the forbearance orf $100 one year, and “ after that rate for a greater or lesser sum, or for a longer or shorter time.” $14.49 for the forbearance of $100 two years is then usurious, and if it is to be sanctioned by the agreement of the parties, so might be 10 per cent, or the compounding at half yearly rests. A Court of Equity may subject *603 a delinquent trustee to usurious interest by way of punishment; but this cannot justify a stipulation of parties to the same eifect.
There is a difference between an express promise to pay interest up to the time when the principal may become due, (which is only a mode of expressing an increase of principal,) and an agreement to pay interest on interest, when at any moment payment of the whole amount, principal and interest, may be required by the creditor.